# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER D. HOLFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>INOGEN, INC., RAYMOND HUGGENBERGER, AND ALISON BAUERLEIN,<br><br>Defendants | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Roger D. Holford ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, alleges in this Complaint the following upon knowledge with respect to his own acts, and upon facts obtained through an investigation conducted by his counsel, which included, inter alia: (a) review and analysis of relevant filings made by Inogen, Inc. ("Inogen" or the "Company") with the United States Securities and Exchange Commission (the "SEC"); (b) review and analysis of Defendants' public documents, conference calls and press releases; (c) review and analysis of securities analysts' reports and advisories concerning the Company; and (d) information readily obtainable on the Internet.

Plaintiff believes that further substantial evidentiary support will exist for the

allegations set forth herein after a reasonable opportunity for discovery. Most of the facts supporting the allegations contained herein are known only to Defendants or are exclusively within their control.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of all persons and entities, other than Defendants, who purchased or otherwise acquired Inogen securities between November 12, 2014 and March 11, 2015, inclusive, (the "Class Period"), seeking to recover damages caused by Defendants' violations of federal securities laws (the "Class").

2.      Inogen is a medical technology company that develops, manufactures, and markets portable oxygen concentrators, which deliver supplemental oxygen therapy to patients suffering from chronic obstructive pulmonary disease and other respiratory conditions.

3.      After trading closed on March 11, 2015, the Company announced that management discovered potential accounting matters, which prompted an internal investigation conducted by the Audit Committee and independent advisors.

4.      On this news, the Company's stock fell $4.24 per share or over 11% from its previous closing price to close at $33.10 per share on March 12, 2015, damaging investors.

## JURISDICTION AND VENUE

5.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. § 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

6.      This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

7.      Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b) as the Company conducts business and is headquartered in this District.

8.      In connection with the acts, conduct and other wrongs alleged herein, defendants either directly or indirectly used the means and instrumentalities of interstate commerce, including but not limited to the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

9.      Plaintiff purchased Inogen common stock during the Class Period and has suffered damages as set forth in the accompanying certification.

10.      Inogen is a Delaware corporation headquartered in Goleta, California. It is a medical technology company that develops, manufactures, and markets oxygen concentrators used to deliver long-term oxygen therapy to patients with chronic respiratory conditions. During the Class Period the Company's stock was traded on the NASDAQ Global Select Market ("NASDAQ") under the symbol "INGN."

11.     Defendant Raymond Huggenberger ("Huggenberger") has been the Company's Chief Executive Officer ("CEO"), President, and Director at all relevant times.

12.     Defendant Alison Bauerlein ("Bauerlein") has been the Company's Chief Financial Officer ("CFO") and Executive Vice President at all relevant times.

13.     Defendants Huggenberger and Bauerlein are collectively referred to hereinafter as the "Individual Defendants."

14.     Each of the Individual Defendants:

a)     directly participated in the management of the Company;

b)     was directly involved in the day-to-day operations of the Company at the highest levels;

c)     was privy to confidential proprietary information concerning the Company and its business and operations;

d)     was involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

e)     was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and

f)     approved or ratified these statements in violation of the federal securities laws.

15.     As officers, directors, and controlling persons of a publicly-held company whose common stock is and was registered with the SEC pursuant to the Exchange Act,

and was traded on NASDAQ and governed by the provisions of the federal securities laws, the Individual Defendants each had a duty to disseminate accurate and truthful information promptly with respect to the Company's financial condition and to correct any previously-issued statements that had become materially misleading or untrue to allow the market price of the Company's publicly-traded stock to reflect truthful and accurate information.

16.    Inogen is liable for the acts of the Individual Defendants and its employees under the doctrine of respondeat superior and common law principles of agency as all of the wrongful acts complained of herein were carried out within the scope of their employment with authorization.

17.    The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Inogen under respondeat superior and agency principles.

## SUBSTANTIVE ALLEGATIONS

### Defendants' Materially False and Misleading Statements During the Class Period

18.    The Class Period begins on November 12, 2014 when the Company filed a materially false and misleading Form 10-Q for the quarter ended September 30, 2014 (the "2014 3rd Quarter 10-Q") with the SEC, which misstated the Company's financial statements and that its disclosure controls and procedures were effective. Furthermore, it failed to disclose material weaknesses in its internal controls over financial reporting.

19.     The 2014 3rd Quarter 10-Q was signed by Defendants Huggenberger and Bauerlein. Attached to the 2014 3rd Quarter 10-Q were the Sarbanes-Oxley Act of 2002 ("SOX") certifications signed by Defendants Huggenberger and Bauerlein falsely attesting to the accuracy of the 2014 3rd Quarter 10-Q.

## THE TRUTH EMERGES

20.     After the markets closed on March 11, 2015, the Company issued a press release attached as an exhibit to a Form 8-K filed with the SEC. The press release announced that the Company discovered potential accounting matters prompting an internal investigation. The press release states in relevant part:

> GOLETA, Calif., March 11, 2015 (GLOBE NEWSWIRE) -- Inogen, Inc. (INGN), a medical technology company offering innovative respiratory products for use in the homecare setting, today announced that *during the first quarter of 2015 certain potential accounting matters were discovered by management, which prompted the Audit Committee, with the assistance of independent advisors, to commence an internal investigation. The Audit Committee is investigating whether there were any violations of the Company's accounting policies associated with these potential accounting matters*. The Audit Committee has not reached any conclusion because of the investigation, and the Company cannot predict the outcome of the investigation or when it will be completed.
>
> Inogen remains confident in its strategy, top-line growth and profitability and does not believe these matters will impact the Company's previously stated outlook for Fiscal Year 2015 or its long-term business plan. We are unable to comment on Fiscal Year 2014 until the investigation is completed. *The Company is postponing its fourth quarter and fiscal year 2014 earnings release and conference call, which had been scheduled for March 12, 2015.* Inogen will announce such results as soon as practicable following the completion of the Audit Committee's

investigation.

(Emphasis added)

21.     On this news, the Company's stock fell $4.24 per share or over 11% from its previous closing price to close at $33.10 per share on March 12, 2015, damaging investors.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

22.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Inogen securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures.  Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

23.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Inogen Class Period, securities of Inogen were actively traded on the NASDAQ Global Select Market. While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Inogen or their transfer agents and may be notified of the

pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

24.     Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law complained of herein.

25.     Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class action and securities litigation.

26.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Inogen;

- whether the Individual Defendants caused Inogen to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Inogen securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and,

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

27.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

28.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Inogen securities are traded in efficient markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold Inogen securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

29.    Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

30.    Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Against All Defendants For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder)

31.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

32.    This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

33.     During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.   Such scheme was intended to, and, throughout the Class Period, did:   (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Inogen securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Inogen securities and options at artificially inflated prices.   In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

34.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Inogen securities.   Such reports, filings, releases and statements were materially false and misleading in that they failed to

disclose material adverse information and misrepresented the truth about Inogen's finances and business prospects.

35.     By virtue of their positions at Inogen, defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants.  Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth.  In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

36.     Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of Inogen securities from their personal portfolios.

37.     Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control.  As the senior managers and/or directors of Inogen, the Individual Defendants had knowledge of the details of Inogen's internal affairs.

38.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of

the statements of Inogen.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Inogen's businesses, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Inogen securities was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning Inogen's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Inogen securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by defendants, and were damaged thereby.

39.     During the Class Period, Inogen securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Inogen securities at prices artificially inflated by defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Inogen securities was substantially lower than the prices paid by Plaintiff and the other

members of the Class.  The market price of Inogen securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

40.    By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

41.    As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### (Violations of Section 20(a) of the
### Exchange Act Against The Individual Defendants)

42.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

43.    During the Class Period, the Individual Defendants participated in the operation and management of Inogen, and conducted and participated, directly and indirectly, in the conduct of Inogen's business affairs.  Because of their senior positions, they knew the adverse non-public information about Inogen's misstatement of income and expenses and false financial statements.

44.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Inogen's financial condition and results of operations, and to correct promptly any public statements issued by Inogen which had become materially false or misleading.

45.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Inogen disseminated in the marketplace during the Class Period concerning Inogen's results of operations.   Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Inogen to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Inogen within the meaning of Section 20(a) of the Exchange Act.   In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Inogen securities.

46.     Each of the Individual Defendants, therefore, acted as a controlling person of Inogen.   By reason of their senior management positions and/or being directors of Inogen, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Inogen to engage in the unlawful acts and conduct complained of herein.   Each of the Individual Defendants exercised control over the general operations of Inogen and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

47.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Inogen.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.      Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.      Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.      Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.      Awarding such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

DATED: March 18, 2015                     Respectfully submitted,

                                          **POMERANTZ LLP**

                                          /s/ Jennifer Pafiti
                                          Jennifer Pafiti
                                          468 North Camden Drive
                                          Beverly Hills, CA 90210
                                          Telephone:  (310) 285-5330

Email:  jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
Francis P. McConville
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665


**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
pdahlstrom@pomlaw.com